

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:            Opinion No. O-1101
                     Re:  Legality of expense account attached.
                          Can the Board of Dental Examiners
                          employ one of its members as Secre-
                          tary of the Board and pay him a sal-
                          ary out of the General Registration
                          Fund?

Your request for an opinion on the questions as are herein
stated has been received by this office.

Your letter reads in part as follows:

"I am enclosing an expense account of Dr. Carl Holder, Secretary,
Texas State Board of Dental Examiners, and request your opinion
as to whether this account can be legally paid from the funds
appropriated to the State Board of Dental Examiners.

"In this connection I will thank you to advise whether the Board
of Dental Examiners may employ one of its members as Secretary
of the Board and pay him a salary out of the General Registration
Fund."

Article 4543, Revised Civil Statutes, reads in part as follows:

    "...Before entering upon the duties of his office, each member
    of the Board shall take the constitutional oath of office,
    same to be filed with the Secretary of State.  At its
    first meeting the Board shall organize by electing one
    member President and one Secretary, chosen to serve one
    year...."

Article 4543, supra, provides for the appointment and sets out
the qualifications of the State Board of Dental Examiners.

The last paragraph of Article 4550a  reads as follows:

    "To aid the Board in performing the duties prescribed in
    this section, the Board is hereby authorized to employ a

secretary, who shall receive a salary to be fixed by the Board, and he shall make and file a surety bond in a sum of not less than Five Thousand ($5,000.00) Dollars, conditioned for the faithful performance of all the duties of his office and the safekeeping and proper disbursement of said Dental Registration Fund and all other funds coming into his hands; such salary shall be paid out of said Dental Registration Fund and shall not be in any way a charge upon the general revenue of the State. Said Board shall employ and provide such clerks and employees as may be needed to assist the secretary in performing his duties in carrying out the purposes of this Act, provided, that their compensation shall be paid only out of the said Dental Registration Fund. All disbursements from said Dental Registration Fund shall be made only upon the written approval of the President and Secretary of Said Board and upon warrants drawn by the Comptroller to be paid out of said Fund."

Section 33 of Article 16 of the State Constitution reads as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer, or appointee, who holds at the same time any other office or position of honor, trust, or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the organized reserves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy and Marine Corps."

Under the provisions of Article 4550a, supra, the State Board of Dental Examiners is authorized to employ a secretary who shall receive a salary to be fixed by the Board to aid the Board in performing the duties prescribed by law.

Article 4551 provided that:

"Each member of the State Board of Dental Examiners shall receive for his services Ten($10.00) Dollars per day for each day he is actually engaged in the duties of his office, together with all legitimate expenses incurred in the performance of such duties. All per diem and expenses accruing hereunder shall be paid from moneys received by said Board from applicants for examination and from the Dental Registration Fund as provided in this law; no money shall ever be paid to any member of the Board from the General Fund."

(O-1101)

The members of the State Board of Dental Examiners hold an office and position of honor and profit under the State laws, and Article 16, Section 33 of the State Constitution, above quoted, prohibits the accounting officers of the State. from drawing or paying warrants from the Treasury in favor of any person for salary or compensation as agent, officer or appointee who holds at the same time any other office or position of honor, trust or profit, under the State or the United States, except as prescribed in the Constitution.

On September 22, 1913, this department held in a lengthy conference opinion, written by Hon. C. M. Cureton, First Assistant Attorney General, and Hon. C. W. Taylor, Assistant Attorney General, addressed to the Board of Regents of the University of Texas, that should Mr. Mays accept the position of Professor of Journalism in the University and at the same time hold and exercise the duties of the office of Lieutenant Governor, he could not draw pay for either such office or such position.

We quote from the above mentioned opinion as follows:

> "An analysis of the above quoted section of the Constitution (referring to Section 33 of Article 16) results in the following: That the accounting officers of this State are prohibited from drawing or paying a warrant upon the treasury in favor of any person for (a) salary, (b) compensation; as (1) agent, (2) officer, (3) appointee, if such person at the same time holds any other (1) office, (2) position of honor, (3) position of trust, or (4) position of profit, under this State or the United States.

> "Mr. Mayes is the Lieutenant-Governor of this State, and under the Constitution as above quoted and discussed that is an office. It is likewise a position of honor and trust, and while it could hardly be said, owing to the very nominal salary paid, that it is a position of profit, yet, there is a compensation attached to the office of Lieutenant-Governor, which, be it great or small, is intended as a remuneration for time devoted to the office.

> "It is very clear, therefore, that Mr. Mayes, so long as he is Lieutenant-Governor, could not under the Constitution draw pay from the State as (1)agent, (2) officer, (3) appointee of the State."

On April 1, 1932, this department held in an opinion written by Hon. Scott Gaines, Assistant Attorney General, addressed to Mr. L. W. Rogers, First Assistant State Superintendent, that a member of the faculty of the State Institution of higher learning cannot legally draw a salary from the State Government and at the same time serve as a school district trustee.

On September 10, 1937, this department held in an opinion written by H. L. Williford, Assistant Attorney General, addressed to Hon. James V. Allred, Governor, in construeing Senate Bill No. 74, Acts of the Forty-Fifth Legislature, creating State Board of Registration for Professional Engineers and holding that members of the faculties of Texas University, Texas Tech and the State A & M College are ineligible for appointment on said force by reason of Article 16, Section 33 of the State Constitution. This opinion also cites Article 16, Section 40 of the Constitution of Texas, which provides that no persons hall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Post Master, etc.

On September 23, 1937, this department held in an opinion written by Hon. Scott Gaines, First Assistant Attorney General, addressed to R. L. Bobbitt, Chairman of the State Highway Commission, that under provisions of Section 33 of Article 16 of the Constitution a warrant cannot be drawn upon the treasury in favor of any agent, officer or appointee or a salary or a compensation as such, who, at the same time holds any other office or position of honor, trust or profit under this State or the United States, except certain exceptions therein stated.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the State Board of Dental Examiners cannot legally employ one of its members as secretary to aid the Board in performing the duties prescribed by law as provided by Article 4550a, supra, and pay him a salary out of the general Registration Fund.

You are further advised that a member of the State Board of Dental Examiners, who, at the same time, holds and exercises the duties of secretary to the board as provided by Article 4550a, supra, cannot draw pay for either such office or such position so long as he continues to hold the position as secretary to the State Board of Dental Examiners as provided by Article 4550a, supra, and remains a member of the State Board of Dental Examiners.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

Attorney General of Texas

By      (s)
Ardell Williams
Assistant

AW:OB
APPROVED July 31, 1939
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED
Opinion Committee
By R. W. F.--chairman



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

September 21, 1939

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Re: Opinions Nos. O-1101 and O-1565

Regarding the above mentioned opinions, we want to distinguish between them as to any possible conflicts apparent in these opinions upon first notice.

Opinion No. O-1101 holds that the State Board of Dental Examiners cannot legally employ one of its members as Secretary to aid the Board in performing the duties prescribed by law as provided by Article 4550a, and pay him a salary out of the General Registration Fund, and further holds that a member of the State Board of Dental Examiners, who, at the same time, holds and exercises the duties of Secretary to the Board as provided by Article 4550a cannot draw pay for either such office or position so long as he continues to hold the position as Secretary to the State Board of Dental Examiners as provided by Article 4550a and remains a member of the State Board of Dental Examiners.

Opinion No. O-1565 holds that the Secretary of the Texas State Board of Registration for Professional Engineers is entitled to both a salary and per diem compensation.

Article 4543 provides for the appointment and sets out the qualifications of the State Board of Dental Examiners and requires that the Board at its first meeting shall organize by electing one member President and one member Secretary.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 4551 provides that each member of the State Board of Dental Examiners shall receive for his services $10.00 per day for each day he is actively engaged in the duties of his office, together with all legitimate expenses incurred in the performance of such duties.

Article 4550a authorizes the State Board of Dental Examiners to employ a secretary, to aid the Board in performing the duties prescribed by law, and the salary of such secretary shall be fixed by the Board, and such secretary shall make and file a surety bond in the sum of not less than $5,000.00, conditioned for the faithful performance of all the duties of his office in the safe-keeping and proper disbursements of the Dental Registration Fund and all other funds coming into his hands.

Section 3 of Article 3271a provides that:

"A State Board of Registration for Professional Engineers is hereby created whose duty it shall be to administer the provisions of this Act."

Section 5 of Article 3271a provides that each member of the Board shall receive the sum of $10.00 per day for each day he is actually engaged in the duties of his office, including time spent in necessary travel, together with all legitimate expenses incurred in the performance of such duties, and that the Board shall elect or appoint annually from its own membership a Chairman, a Vice-Chairman, and a Secretary.

Section 9 of Article 3271a provides that the Secretary of the Board shall receive a salary as the Board shall determine in addition to the compensation and expenses provided for in the Act.

Regarding the State Board of Registration for Professional Engineers, it is manifest that one member of the Board has the duties of secretary of such Board ex officio, and the Act creating the Board of Registration, above referred to, provides for a per diem compensation for such member, for the expense of such member, and for the salary of such member, all of which it was competent for the Legislature to prescribe and enact.

The statutes do not provide that the Secretary of the State Board of Dental Examiners shall receive any salary in addition to his per diem compensation, while on the other hand, the statutes do provide that the Secretary

of the Board of Registration for Professional Enginee shall have additional duties, and shall receive such salary as the Board shall determine in addition to the compensation and expenses provided for in the Act.

The Secretary of the Board of Registration for Professional Engineers does not hold two offices or an office and position of honor, trust or profit, but holds only one office and is paid a per diem compensation for his services as a Board member and his salary in addition to his per diem compensation for additional services rendered which he is required to do by statute.

Article 4600a authorizing the appointment of the Secretary to aid the Board of Dental Examiners in performing the duties of the Board as prescribed by law does not authorize the appointment of a member of the State Board of Dental Examiners as such Secretary, but empowers the Board to employ some person other than a Board member to perform these duties and fix the salary of such secretary.

A member of the State Board of Dental Examiners who at the same time performs the duties and receives the compensation as provided by Article 4550a would be in contravention of Article 16, Sections 33 and 40 of the State Constitution.

We think there is no conflict between our opinions Nos. O-1101 and O-1365.

Trusting that we have made ourselves clear in these opinions, and assuring you we are glad to render you any service possible, I remain

Yours very truly

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

CCM:BT